IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

VS.                              CRIMINAL ACTION NO: 5:15-cr-5-DCB-FKB

KYNICKEUS WILLIAMS                                          DEFENDANT

ORDER DENYING MOTION FOR SENTENCE REDUCTION

This cause is before the Court on the Defendant Kynickeus Williams ("Williams")'s Motion for Sentence Reduction Pursuant to the First Step Act [ECF No. 22] (the "Motion").  Having carefully considered the Motion and the Government's opposition thereto, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds and orders as follows:

Pursuant to Section 404 of the First Step Act of 2018, Pub. L. No. Section 115-391, § 404(c), 132 Stat. 5194 (2018) (the "Act"), Williams has moved the Court to reduce his sentence by relieving him from any further supervised release. Motion at 1-7. Williams currently is serving a 24-month term of supervised release, which began on July 2, 2020.  [ECF No. 16]; Motion at 2; Government's Response in Opposition [ECF No. 23] (the "Response") at 1.

The parties disagree regarding whether the Act grants courts the authority to reduce supervised release sentences for "covered offenses" (as defined in the Act).  Williams relies on United States v. Venable, 943 F.3d 187 (4th Cir. 2019), in which the Fourth Circuit found that a defendant, whose underlying crime was a covered offense and who was serving time for a supervised release violation, was eligible for a sentence reduction under the Act.  The Government points to contrary decisions from federal district courts in multiple states where the courts concluded that the Act could not be used to reduce sentences for supervised release or prison terms for violations of supervised release.  See cases cited in the Response at 2.  The Fifth Circuit has not ruled on this precise issue.  However, on the facts of this case, the Court need not decide whether the Act authorizes courts to reduce supervised release sentences because Williams's past conduct, coupled with the minimal time he has served under his current supervised release sentence, are determinative in this Court's consideration of Williams's request for relief.[1]  See United States v. Razz, 387 F. Supp. 3d

---

1 The Court notes that, even if the Act were to apply here, nothing in the Act requires a court to reduce a sentence.  The Act provides in pertinent part:  "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."  First Step Act of 2018, Pub. L. No. Section

1397, 1407 (S.D. Fla. 2019)(Although the statutory minimum terms of supervised release were lower under the Fair Sentencing Act, district court found that the defendant's term of supervised release should not be reduced, "in light of the offense conduct, Defendant's extensive criminal history, and the fact that Defendant committed the instant offenses while on conditional release.").

Outside of the Act, the authority to reduce or terminate Williams's term of supervised release cannot be found. United States v. Anthony Page, No. 3:08-CR-168 (RNC), 2020 WL 1698671, at *5-6 (D. Conn. Apr. 8, 2020). Under our traditional statutory framework for considering a request to terminate supervised release, i.e., 18 U.S.C. § 3583(e)(1) and 18 U.S.C. § 3553(a), and under Fifth Circuit precedent, Williams fails to qualify for relief because he only has completed three months of his current term of supervised release. Section 3583(e)(1) provides that a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice" after

---

115-391, § 404(c), 132 Stat. 5222 (2018).

consideration of the factors in 18 U.S.C. Section 3553. 18 U.S.C. § 3583(e)(1)(2016); see United States v. Jeanes, 150 F.3d 483, 484 (5th Cir. 1998) ("The District Court, under § 3583(e)(1), may terminate a term of supervised release at any time after the defendant has served one year of supervised release."). Williams is far short of satisfying the one-year threshold requirement in Section 3583(e)(1), which obviates any need for the Court to apply the Section 3553(a) sentencing factors to Williams's request for relief.

In its consideration of the Motion, the Court is persuaded that, even if the Act were to apply, Williams's record and past conduct foreclose the possibility of relief at this time. The Act does not handcuff courts to reduce or terminate sentences in any case, including those where mathematical sentencing formulas favor the defendant. See limitations in Section 404 (c) of the Act, n. 1, supra. Williams was indicted for alleged violations of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). [ECF No. 1-2]. Williams entered a guilty plea and was sentenced to an incarceration of 120 months, followed by a five-year term of supervised release. [ECF No. 1-1]. Thereafter, Williams's supervised release was revoked twice: once in April 2016 for repeated positive tests for his use of marijuana and cocaine,

4

[ECF No. 11]; Motion at 2; and again one year ago for several positive tests resulting from Williams's use of marijuana. [ECF No. 16]; Motion at 2.  With each revocation, Williams returned to prison for a ten-month sentence to be followed by a term of supervised release.  These repeated violations each time Williams attempted to serve a supervised release sentence weigh heavily against the termination of Williams's current supervised release sentence.  While the Court is not aware of Williams having committed any violations since his current supervised release began in July 2020, and while a positive three-month performance record is an encouraging sign, three months is not long enough for the Court to be confident that Williams will continue on a straight path given his history of repeated violations and revocations.  E.g., Smith, 2014 WL 68796, at *1 (courts generally require something more than compliance with the terms of supervised release to justify early termination).

    Williams asserts that, because of unfair laws and sentencing guidelines in effect at the time of his original sentencing, he served double the amount of time in prison that a similarly situated person would serve today.  Motion at 7.  To the extent that Williams is requesting the Court to offset "excess" prison time against his current supervised release

sentence, Supreme Court precedent stands in his way. United States v. Johnson, 529 U.S. 53, 59 (2018)("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life.")

Williams also argues that he is currently employed and "wants to seek further employment by working offshore jobs, but his ability to do so would be hampered by the present terms of his supervision." Motion at 6. Although supervised release may inhibit Williams's ability to find more lucrative employment, this does not warrant early termination. See, e.g., United States v. Reed, Cr. No. 15-100, 2020 WL 4530582, at *3 (E.D. La. June 5, 2020); United States v. Guidry, No. 3:19-CR-332-S, 2020 WL 908542, at *2 (N.D. Tex. Feb. 13, 2020), report and recommendation adopted, No. 3:19-CR-0332-S, 2020 WL 906303, at *1-2 (N.D. Tex. Feb. 25, 2020) (rejecting a request for early termination of supervised release for a defendant who wished to "pursue employment opportunities that could require location, or traveling, to areas outside the Northern District of Texas"); United States v. Arledge, No. 5:06-cr-18, 2015 WL 3504845, at *2 (June 3, 2015).

The Court finds that Williams has not demonstrated eligibility for termination of his supervised release at this time. He may, however, become eligible for consideration at a later date.[2]

Accordingly,

IT IS HEREBY ORDERED that the Defendant Kynickeus Williams's Motion for Sentence Reduction Pursuant to the First Step Act is DENIED.

SO ORDERED this the 9th day of October, 2020.

/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE

---

[2] Williams states in his Motion that, while serving his last sentence, he completed a Bureau of Prisons drug program and earned an early release to a halfway house.  The Court views these as positive developments and encourages Mr. Williams to continue in this direction.  Motion at 6.